**ORIGINAL**

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2005 APR 27 PM 2: 12
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DAVID L. RODRIGUEZ,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 304-67 |
| | ) | |
| JIM WETHERINGTON, Chairman, | ) | |
| Commissioner, Georgia Department | ) | |
| of Corrections; BRUCE KANE; | ) | |
| BOBBY MILLER; and BARBARA | ) | |
| TILLMAN, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

The above-captioned case was commenced pursuant to 42 U.S.C. § 1983. Plaintiff's complaint was filed *in forma pauperis* and must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

---

[1] Plaintiff's name is misspelled "Rodriquez" on the docket. His actual name is "David L. Rodriguez." (See doc. no. 1). The Clerk is **DIRECTED** to correct the docket and caption in this case accordingly.

## I. BACKGROUND

Upon review of Plaintiff's complaint, the Court finds the following. Plaintiff avers that between March and June 2000 he was assigned by Defendants to participate in the remodeling of Wheeler County Courthouse in Alamo, Georgia. (Doc. no. 2, p. 5). Plaintiff complains that while he and other inmates worked on this construction, they were exposed to asbestos which has damaged Plaintiff's health. (Id. at 7, 9). Plaintiff candidly admits that he brought a case in this District dealing with the same facts which was dismissed without prejudice.

In fact, Plaintiff's complaint in the initial case was dismissed on account of his failure to exhaust administrative remedies prior to coming into federal court. See Rodriguez v. Wetherington, CV 302-021, doc. no. 11, *adopted by* doc. no. 14 (S.D. Ga. Sept. 9, 2002)(hereinafter "CV 302-021"). Subsequent to the closure of that case, Plaintiff filed a motion in his closed case to "toll" the statute of limitations until he was released from prison. CV 302-021, doc. no. 21). This patently meritless motion was, of course, denied. CV 302-021, doc. no. 22. For the reasons described herein, the instant case is also subject to dismissal.

## II. DISCUSSION

Plaintiff filed the instant complaint in 2004; the alleged constitutional violations occurred in 2000. Plaintiff's claims are clearly subject to dismissal under the applicable two-year statute of limitations in Georgia. See Lawson v. Glover, 957 F.2d 801, 803 (11th Cir. 1987); Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986). Indeed, as noted above, Plaintiff is well aware of this fact. See CV 302-021, doc. no. 21.

Although state law determines the applicable statute of limitations period for claims under § 1983, federal law determines the date of accrual. See Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996); Lavellee v. Listi, 611 F.2d 1129, 1130 (5th Cir. 1980). Under § 1983, a claim accrues when the plaintiff knows or has reason to know that he was injured, and he must be aware or should be aware who injured him. Rozar, 85 F.3d at 562. Plaintiff did not file the instant lawsuit until four years after the events in question occurred. In addition, Plaintiff first filed a federal lawsuit in regard to these facts on March, 27, 2002. See CV 302-021, doc. no. 1. Plaintiff did not sign the instant complaint until July 2004, more than two years after the filing of the initial suit. (Doc. no. 2, p. 9). As it is abundantly clear that Plaintiff has known for longer than two years about his alleged injuries, and his complaint was not filed within the two-year statute of limitations period, his complaint is time-barred. Plaintiff has failed to state a claim upon which relief may be granted. Accordingly, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED**.

## III. CONCLUSION

The Court finds, for the reasons set forth above, that Plaintiff's claims are barred by the statute of limitations, and therefore **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** in its entirety for failure to state a claim upon which relief can be granted.

SO REPORTED and RECOMMENDED this 27th day of April, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

# United States District Court
## Southern District of Georgia

David L. Rodriguez,  )

vs  )   CASE NUMBER CV304-067

Jim Wetherington,  )   DIVISION DUBLIN

)

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated April 27, 2005, which is part of the official record of this case.

Date of Mailing: April 27, 2005

Date of Certificate   [X] same date,  or _____

Scott L. Poff, Clerk

By: C Reynolds
Deputy Clerk

**Name and Address**

David L. Rodriguez  18 Thompson West Rd  Colquitt GA 39837

[ ] Copy placed in Minutes
[ ] Copy given to Judge
[X] Copy given to Magistrate